IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JERMAINE L. PATTERSON,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

CASE NO. 2:12-CV-0817
CRIM. NO. 2:10-CR-263(1)
JUDGE MICHAEL H. WATSON
Magistrate Judge Kemp

## OPINION AND ORDER

On August 1, 2013, after conducting an evidentiary hearing, the Magistrate Judge issued a *Report and Recommendation* recommending that the instant motion to vacate, set aside or correct pursuant to 28 U.S.C. § 2255 sentence be denied. Petitioner has filed *Objections* to the Magistrate Judge's *Report and Recommendation*. For the reasons that follow, Petitioner's *Objections*, Doc. No. 92, are **OVERRULED**. The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED**.

Petitioner asserts he was denied effective assistance of counsel because his attorney failed to file an appeal after being requested to do so and failed to consult with him regarding the filing of a notice of appeal. After an evidentiary hearing on the issue, the Magistrate Judge recommended dismissal of Petitioner's claim of ineffective assistance of counsel on the merits. Petitioner objects to the Magistrate Judge's recommendation of dismissal of his claim of ineffective assistance of counsel on the merits.

Petitioner argues that the Magistrate Judge incorrectly recommended dismissal of his claim on the merits based on the lack of any nonfrivolous grounds for an appeal. Petitioner argues that this issue is not determinative of his claim. Rather, he asserts that habeas relief is

1

warranted because it is without dispute that Petitioner provided his attorney grounds to believe that Petitioner was interested in filing of an appeal.

"[E]very Court of Appeals that has addressed the issue has held that a lawyer's failure to appeal a judgment, in disregard of the defendant's request, is ineffective assistance of counsel regardless of whether the appeal would have been successful or not." *Ludwig v. United States*, 162 F.3d 456, 459 (6th Cir. 1998)(citing *Castellanos v. United States,* 26 F.3d 717, 719 (7th Cir. 1994); *United States v. Peak*, 992 F.2d 39, 42 (4th Cir. 1993); *United States v. Horodner*, 993 F.2d 191, 195 (9th Cir. 1993); *Bonneau v. United States*, 961 F.2d 17, 23 (1st Cir. 1992); *United States v. Davis*, 929 F.2d 554, 557 (10th Cir. 1991); *Williams v. Lockhart*, 849 F.2d 1134, 1137 n. 3 (8th Cir. 1988)). *See also Roe v. Flores–Ortega*, 528 U.S. 470, 478 (2000)("[A] lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable")(citations omitted). When an attorney fails to file a requested appeal, the defendant is entitled to a new appeal without any showing that his appeal likely would have had merit. *Id.* (quoting *Peguero v. United States*, 526 U.S. 23, 28 (1999)). "This is so because a defendant who instructs counsel to initiate an appeal reasonably relies upon counsel to file the necessary notice. Counsel's failure to do so cannot be considered a strategic decision; filing a notice of appeal is a purely ministerial task, and the failure to file reflects inattention to the defendant's wishes." *Roe v. Flores-Ortega*, 528 U.S. at 478.

The Magistrate Judge concluded that Petitioner failed to demonstrate by a preponderance of evidence that he ever requested his attorney to file an appeal on his behalf. *Report and Recommendation*, PageID #356. Petitioner does not object to this conclusion. Instead, Petitioner objects to the Magistrate Judge's recommendation that habeas relief also be denied

based on defense counsel's undisputed failure to consult with Petitioner regarding the filing of a notice of appeal.

Where the defendant fails to convey one way or the other his wishes regarding the filing of an appeal, the United States Supreme Court has held that a defense attorney performs in a constitutionally ineffective manner by failing to consult with his client regarding the filing of an appeal as follows:

> [C]ounsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing. In making this determination, courts must take into account all the information counsel knew or should have known.... Although not determinative, a highly relevant factor in this inquiry will be whether the conviction follows a trial or a guilty plea, both because a guilty plea reduces the scope of potentially appealable issues and because such a plea may indicate that the defendant seeks an end to judicial proceedings. Even in cases when the defendant pleads guilty, the court must consider such factors as whether the defendant received the sentence bargained for as part of the plea and whether the plea expressly reserved or waived some or all appeal rights. Only by considering all relevant factors in a given case can a court properly determine whether a rational defendant would have desired an appeal or that the particular defendant sufficiently demonstrated to counsel an interest in an appeal.
>
> * * *
>
> We expect that courts evaluating the reasonableness of counsel's performance using the inquiry we have described will find, in the vast majority of cases, that counsel had a duty to consult with the defendant about an appeal.

*Roe v. Flores–Ortega*, 528 U.S. at 480–481.

Petitioner argues that he demonstrated his interest in filing an appeal when family members "reached out" to discuss with Attorney Sherman available post-sentencing options. *Objections*, PageID #367. Petitioner argues that, if Sherman did not know that Petitioner was interested in filing an appeal, it was because Sherman failed to return telephone calls or was unavailable.

This Court is not persuaded by these arguments. As discussed by the Magistrate Judge, it is the Petitioner's burden to establish by a preponderance of the evidence that he reasonably demonstrated to defense counsel his interest in filing an appeal. The record in this case plainly fails to establish any nonfrivolous grounds for an appeal. *See Report and Recommendation*, PageID #357-59. In view of the lack of any nonfrivolous grounds for an appeal and other facts of record, this Court cannot conclude that habeas relief is warranted.

Petitioner was sentenced pursuant to the terms of his negotiated guilty plea agreement. Petitioner reviewed with his attorney the *PreSentence Investigation Report* prior to sentencing, which recommended that he be sentenced to a term of 240 months. Petitioner nonetheless states that he was surprised when the District Court imposed 175 months imprisonment, which sentence was well below that recommended by the *PreSentence Investigation Report* and below the recommended range under the United States Sentencing Guidelines. Although the Court advised Petitioner of his right to appeal and of the time period for doing so at sentencing, Petitioner did not indicate at that time or immediately thereafter that he was interested in filing an appeal. Petitioner knew of the time limit for filing an appeal, but never asked his attorney to file an appeal. He instead attempted to reach his attorney by sending letters and leaving messages requesting counsel to come and speak with him regarding the filing of an appeal. Petitioner acknowledged that his prior affidavit statement, in which he swore that he directed

4

defense counsel to file an appeal, was not true. His evidentiary hearing testimony on this issue is less than credit worthy. Attorney Sherman testified unequivocally that he never received any messages from Petitioner requesting that he consult with Petitioner regarding the filing of a notice of appeal. Had he received any such message, he would have discouraged Petitioner from filing an appeal, because if the case were remanded for re-sentencing, or Petitioner's sentence vacated, it could result in a greater sentence being imposed. He would have filed the notice of appeal, however, and withdrawn as appellate counsel, had Petitioner insisted on filing an appeal. The Court finds the representations of Attorney Sherman to be worthy of credit. Nothing in the record reflects that defense counsel failed to respond to messages left by Petitioner or was unavailable. Considering all of the circumstances in this case, as required under *Roe v. Flores-Ortega*, the Court concludes that Petitioner has failed to establish he was denied effective assistance of counsel based on his attorney's failure to consult with him regarding the filing of an appeal.

Petitioner's *Objections*, Doc. No. 92, therefore are **OVERRULED**. The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED**.

IT IS SO ORDERED.

/s/ Michael H. Watson
MICHAEL H. WATSON
United States District Judge

5