UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

United States of America,

v.                                                    Case No. 2:10-cr-263(1)

Jermaine L. Patterson,                                Judge Michael H. Watson

Defendant.

## OPINION AND ORDER

The Court sentenced Jermaine Patterson ("Defendant") to 175 months' imprisonment and five years' supervised release after Defendant pleaded guilty to possessing with intent to distribute 500 or more grams of cocaine.  Plea Agmt., ECF No. 32; Judgment, ECF No. 62.  The Court denied a § 2255 motion, Op. and Order, ECF No. 93, which decision was upheld on appeal, Order, ECF No. 98.  The Court also denied Defendant's motion to reduce his sentence pursuant to the First Step Act.  Ops. and Order, ECF Nos. 103, 105.  The Court thereafter denied a slew of other motions for release from custody or a sentence reduction.  Op. and Order, ECF No. 110; Op. and Order, ECF No. 120; Op. and Order, ECF No. 135.

Defendant was eventually released from custody and began serving his term of supervised release on April 13, 2022.  He moved for early termination of supervised release in May of 2024, which the Court denied.  Op. and Order, ECF No. 143.  He thereafter traveled outside the Court's jurisdiction without permission.  Rpt., ECF No. 144.  He now moves again for early termination of

supervised release.  Mot., ECF No. 145.  The Government opposed.  Resp., ECF

No. 146.  Defendant did not reply, and the time to do so has passed.

## I.    STANDARD OF REVIEW

The Court may "terminate a term of supervised release and discharge the

defendant released at any time after the expiration of one year of supervised

release" if the Court "is satisfied that such action is warranted by the conduct of

the defendant released and the interest of justice."  18 U.S.C. § 3583(e)(1).[1]

Section 3583(e) directs the Court to consider certain § 3553(a) factors in

making its decision.  Those factors are: (1) the "nature and circumstances of the

offense and the history and characteristics of the defendant"; (2) the need for "the

sentence imposed" to "afford adequate deterrence to criminal conduct"; (3) the

need to "protect the public from further crimes of the defendant"; (4) the need to

provide "the defendant with needed educational or vocational training, medical

care, or other correctional treatment in the most effective manner"; (5) the "kinds

of sentence and the sentencing range established" in the guidelines; (6) "any

pertinent policy statement" issued by the Sentencing Commission; (7) the "need

---

[1] Section 3583(e)(1) directs that any termination of supervised release must be done in accordance with "the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation[.]"  The relevant criminal rule is Rule 32.1, which provides that the Court generally must hold a hearing before modifying conditions of release. However, a "hearing is not required" if (1) "the relief sought is favorable to the [defendant] and does not extend the term of probation or of supervised release"; and (2) the Government received notice of the request and "has had a reasonable opportunity to object" but "has not done so."  Fed. R. Crim. P. 32.1(c)(2).  Here, no hearing is necessary because the Court is not modifying the conditions of release.

to avoid unwarranted sentence disparities"; and (8) the "need to provide restitution to any victims of the offense."  18 U.S.C. § 3553(a).

Moreover, the United States Sentencing Guidelines now cover early termination of supervised release.  Section 5D1.4 states:

> Any time after the expiration of one year of supervised release and after an individualized assessment of the need for ongoing supervision, the court may terminate the remaining term of supervision and discharge the defendant if the court determines, following consultation with the government and the probation officer, that the termination is warranted by the conduct of the defendant and in the interest of justice.

U.S.S.G. § 5D1.4(b).  The application notes to § 5D1.4(b) instruct the Court to consider the factors in 18 U.S.C. § 3583(c), (e) in making each individualized assessment.  *Id.* (application note 1(A)).  The application notes also state that a court may wish to consider the following six factors when determining whether to terminate supervised release:

> (i) any history of court-reported violations over the term of supervision;
>
> (ii) the ability of the defendant to lawfully self-manage (*e.g.*, the ability to problem-solve and avoid situations that may result in a violation of a condition of supervised release or new criminal charges);
>
> (iii) the defendant's substantial compliance with all conditions of supervision;
>
> (iv) the defendant's engagement in appropriate prosocial activities and the existence or lack of prosocial support to remain lawful beyond the period of supervision;
>
> (v) a demonstrated reduction in risk level or maintenance of the lowest category of risk over the period of supervision; and

(vi) whether termination will jeopardize public safety, as evidenced by the nature of the defendant's offense, the defendant's criminal history, the defendant's record while incarcerated, the defendant's efforts to reintegrate into the community and avoid recidivism, any statements or information provided by the victims of the offense, and other factors the court finds relevant.

*Id.* (application note 1(B)).

In the instant motion, Defendant argues that he served a twelve-and-a-half-year prison sentence without any infractions and that he remained largely compliant while on supervised release.  Mot., ECF No. 145.  He argues that specific deterrence is not necessary because he has changed (as exemplified by the fact that he started a small business).  *Id.*  For the same reason, he argues that there is no further need to protect the public from future crimes by him.  *Id.*

The Government opposes release.  Resp., ECF No. 146.  It cites the seriousness of Defendant's conviction, Defendant's recent unauthorized travel outside the Court's jurisdiction, and the recent transfer of supervision from Ohio to Georgia as reasons against granting the motion.  *Id.*

The Court continues to find that the nature and circumstances of the offense and Defendant's history and characteristics weigh against early termination.  The fact that Defendant has largely been compliant during his four years on supervised release lessens the need to protect the public, but specific deterrence remains a slight concern given that Defendant only recently violated the terms of his supervised release.  The § 5D1.4(b) application note factors largely coincide with the § 3553(a) factors considered above, but the Court notes

separately that Defendant does not have a long "history" of court-reported violations and has, by and large, substantially complied with the conditions of supervision and appears able to lawfully self-manage.

In the end, the seriousness of the offense (which, again, Defendant committed while under two terms of supervision) and Defendant's recent violation weigh against early termination. That said, the analysis presents a close call, and the Court notes that Defendant's violation was only of a failure to secure permission to travel. Otherwise, the Probation Officer describes Defendant's adjustment to supervision as "positive," noting that Defendant has maintained stable housing and employment. He has not incurred *any* new arrests or legal violations since beginning supervised release, and all his urinalyses have tested negated for illicit substances. Accordingly, the Court is inclined to look favorably on another motion for early termination of supervised release if Defendant can maintain compliance for an additional six months.

Defendant's existing motion is **DENIED WITHOUT PREJUDICE**, and the Clerk shall terminate ECF No. 145 as a pending motion.

**IT IS SO ORDERED.**

**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**